IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRIS LOEPER § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| MEDALLIA, INC. § | |
| § | |
| *Defendant*. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Chris Loeper files this original complaint against Defendant Medallia, Inc. ("Medallia").

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.

2. This Court has personal jurisdiction over Medallia because it employed Plaintiff in Texas and Plaintiff's claims arise out of or relate to those contacts.

3. Venue is proper in the Southern District of Texas because Medallia is subject to the court's personal jurisdiction in this district with respect to Plaintiff's claims.

## THE PARTIES

4. Chris Loeper is a citizen of the State of Texas.

5. Medallia, Inc. is a Delaware corporation with its principal place of business in California. Accordingly, Medallia is a citizen of both Delaware and California. Medallia, Inc. may be served by delivering a copy of the summons and of the complaint to its registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808.

**FACTS**

6. Plaintiff is the former Executive Vice President of Sales of Medallia.

7. Plaintiff became an employee of Medallia following its acquisition of Virtual Hold Technology Solutions, LLC ("VHT" or "Mindful"), on August 23, 2022 (the "Acquisition"). Plaintiff was the Chief Revenue Officer at Mindful before the Acquisition.

8. After Medallia acquired Mindful, Medallia promised Plaintiff that it would continue to pay him commissions under the terms of the existing "VHT 2022 Compensation Plan" issued by Mindful (the "Original Commission Plan" or "Original Plan") until it rolled out a new plan of its own. *See* Original Plan, Ex. A.

9. Indeed, Randy Rytter, Medallia's human resources director, confirmed this fact in a message to Plaintiff on December 12, 2022, stating that there would be "no change [to the Original Plan] until Feb 1 *when Medallia issues new comp plans*." *See* Message Excerpt, Ex. B (emphasis added).

10. While Medallia may have expected to issue "new comp plans" by February 1, the reality was different: Medallia did not present Plaintiff with the "Medallia FY24 Compensation Plan Terms & Conditions," the "FY24 Mindful Plan Overview" and the "FY24 Sales Compensation Plan Acknowledgement Form" *until May 26, 2023*, when it sent these documents by email combined together in a single PDF electronic file (collectively the "New Commission Plan" or "New Plan").

11. Indeed, Medallia did not even *create* the New Plan document it sent to Plaintiff until that same day, May 26. And Plaintiff did not acknowledge his *acceptance* of the New Plan, which he did by electronic signature, until three days later on May 29.

12. Even though Plaintiff was not actually given the New Plan until May 26, the New Plan explicitly states that its "Effective Start Date" is February 1, 2023—almost four full months earlier in time. Worse, the commission payout terms in the New Plan are materially different from those in the Original Plan.

13. Despite Medallia's clear contractual obligation to pay commissions on the IRS Expansion Deal (and on his other deals in this time frame) under the terms of the Original Commission Plan, Medallia is apparently operating under the mistaken belief that it can retroactively impose the terms of the New Plan to sales that occurred *before* the New Plan was ever created. Not so. *See Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 303-04 (Tex. 2009) (holding that an employer could not revoke its offer to pay at-will employees a percentage of the company upon its sale if the employees continued to work for the company, because a contract was formed upon the employees' performance of the offer).

14. Because Medallia did not provide Plaintiff with the New Commission Plan until May 26, 2023, the Original Plan remained applicable at the time Medallia entered into an agreement with the Internal Revenue Service in March of 2023 (the "IRS Expansion Deal"). In fact, because Plaintiff resigned on June 9, 2023, the terms of the Original Plan applied for almost all of his employment with Medallia.

15. Under the terms of the Original Plan, Medallia promised to pay Plaintiff a 2.5% management commission on new net annual recurring revenue (the "Management Commission"). *See* Ex. A, 2-3.

16. But Medallia did not pay Plaintiff the full Management Commission on the IRS Expansion Deal. Nor did it, on information and belief, pay Plaintiff the full Management Commission on any of the other deals that occurred between January 1, 2023, and the date of his

separation on June 9, 2023.

17. Instead, Medallia improperly applied the more restrictive and less favorable terms contained in the New Plan, including its lower commission rate, to these deals.

## CAUSE OF ACTION- BREACH OF CONTRACT

18. Plaintiff reasserts and incorporates all allegations set forth herein.

19. Medallia promised in the Original Commission Plan to pay Plaintiff the Management Commission.

20. Plaintiff accepted Medallia's offer in the Original Plan by performance before he was ever informed of the New Plan. *See Vanegas*, 302 S.W.3d at 303-04.

21. Medallia breached the Original Commission Plan by improperly applying the terms of the New Plan, rather than paying Plaintiff's full Management Commission under the Original Plan, on any deal that occurred during his employment after January 1, 2023.

22. As a result of Medallia's breach of the Original Plan, Plaintiff has incurred injuries and is entitled to recover damages, including but not limited to actual and consequential damages, attorneys' fees and interest.

23. Pursuant to Texas Civil Practices and Remedies Code Section 38.001 *et seq.*, Plaintiff seeks recovery of reasonable attorneys' fees. Plaintiff is represented by an attorney; Plaintiff presented his claim to Medallia before filing this lawsuit[1]; and no payment for the just amount owed was tendered before the expiration of the 30th day after the claim was presented. Accordingly, Plaintiff seeks his reasonable attorney's fees.

24. All conditions precedent have occurred or been performed.

---

[1] Plaintiff's counsel sent a demand letter by email to Dan Madden, Medallia's Chief Financial Officer, on December 15, 2023, and the same letter by email to Hanna Steinbach, its Chief Legal Officer, on December 28.

## JURY DEMAND

25. Plaintiff hereby demands a trial by jury.

## DAMAGES AND PRAYER

26. Plaintiff asks that the Court enter judgment against Medallia for:

   a. Actual and consequential damages;

   b. Prejudgment and post-judgment interest as allowed by law;

   c. Reasonable attorney's fees and costs of suit; and

   d. All other relief to which Plaintiff is justly entitled, at law or in equity.

Respectfully submitted,

STURM LAW, PLLC

*/s/ Charles A. Sturm*
CHARLES A. STURM
csturm@sturmlegal.com
*Attorney in Charge*
Texas Bar No. 24003020
712 Main Street, Suite 900
Houston, Texas 77002
(713) 955-1800 [Telephone]
(713) 955-1078 [Facsimile]

